Patrice L. Bishop (182256)
service@ssbla.com
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA  90024
Tel:     (310) 209-2468
Fax:     (310) 209-2087

Howard T. Longman
TSVI@aol.com
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:     (212) 687-7230
Fax:     (212) 490-2022

Gary S. Graifman
ggraifman@kgglaw.com
KANTROWITZ, GOLDHAMER & GRAIFMAN
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel:     (845) 356-2570
Fax:     (845) 356-4335

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MARTIN VOGEL and KENNETH MAHONEY, on Behalf of Themselves and All Others Similarly Situated, | CASE NO.: C08-03123-JF |
| Plaintiffs, | **CLASS ACTION** |
| v. | **STIPULATION AND [PROPOSED] ORDER STAYING ACTION** |
| APPLE, INC., STEVEN P. JOBS, FRED ANDERSON, NANCY HEINEN, WILLIAM V. CAMPBELL, MILLARD S. DREXLER, ARTHUR D. LEVINSON, and JEROME P. YORK, | **Judge:  Hon. Jeremy Fogel**<br>**Department:   Ctrm. 3, 5th Floor** |
| Defendants. | |

Plaintiffs Martin Vogel and Kenneth Mahoney ("Plaintiffs") and Defendants Apple Inc. ("Apple"), Fred D. Anderson, Nancy R. Heinen, Steven P. Jobs, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, and Jerome B. York (collectively, the "Defendants") hereby stipulate as follows:

WHEREAS, on August 24, 2006, Plaintiffs filed a class action complaint before this Court alleging that certain defendants violated the Securities Exchange Act of 1934 (the "Exchange Act"), including § 10(b) and Rule 10b-5 thereunder, and § 20(a). That action was entitled *Martin Vogel and Kenneth Mahoney v. Steven Jobs, et al.*, Case No. 5:06-cv-05208-JF (N.D. Cal.) (the "Apple Backdating Action No. 1"), and concerning alleged practice of issuing backdating stock options;

WHEREAS, on October 24, 2006, New York City Employees' Retirement System ("NYCERS") moved for their appointment as Lead Plaintiff of the Apple Backdating Action No. 1 pursuant to 15 U.S.C. § 78u-4;

WHEREAS, on January 19, 2007, this Court appointed NYCERS as Lead Plaintiff of that litigation;

WHEREAS, on March 23, 2007, NYCERS filed, as Lead Plaintiff, its Consolidated Complaint and asserted claims under §§ 14(a) and 20(a) of the Exchange Act and the common law duty of disclosure. The Consolidated Complaint did not assert any claims for Defendants' alleged violations of §10(b) of the Exchange Act;

WHEREAS, on November 14, 2007, this Court granted Defendants' motion to dismiss the Consolidated Complaint on the ground, *inter alia*, that NYCERS failed to plead standing to bring a direct claim ("Dismissal Order");

WHEREAS, this Court granted NYCERS leave to amend its complaint but held that NYCERS could only amend for the purpose of attempting to plead a derivative claim, not a direct class action claim;

WHEREAS, on December 14, 2007, NYCERS filed a motion for leave to file a First Amended Consolidated Class Action Complaint that contained direct class action claims for alleged violations of § 10(b) of the Exchange Act;

1  WHEREAS, on May 14, 2008, this Court denied NYCERS's motion for leave to file an amended complaint ("Denial Order");

3  WHEREAS, on June 12, 2008, this Court entered Judgment for defendants ("Judgment");

4  WHEREAS, on June 17, 2008, NYCERS filed its Notice of Appeal of the Dismissal Order, the Denial Order and subsequent Judgment ("NYCERS's Appeal");

6  WHEREAS, Plaintiffs filed this action ("Apple Backdating Action No. 2") on June 27, 2008, alleging that Defendants violated § 10(b) of the Exchange Act and Rule 10b-5 thereunder and § 20(a) of the Exchange Act by, *inter alia*, issuing backdated stock options to themselves and other Apple employees;

10 WHEREAS, Plaintiffs and Defendants agree that if this litigation were to go forward prior to resolution of NYCERS's appeal(s) of the Apple Backdating Action No. 1, there is a risk of duplicative litigation regarding Defendants' alleged backdating and alleged violations of the Exchange Act, and that this risk could result in a waste of judicial resources.

14 NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

15 1. This action shall be stayed pending the resolution of NYCERS's Appeal (the "Resolution");

17 2. "Resolution" means the date upon which NYCERS's Appeal is finally resolved meaning either the Judgment has become final and is no longer subject to appeal, or the case has been remanded to this Court and the remand order has become final and is no longer subject to appeal;

21 3. As part of this stay, all of Plaintiffs' remaining obligations under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, will also be stayed pending the Resolution of NYCERS's Appeal;

24 4. All applicable time periods and deadlines from date of the entry of this Order to the time when the stay is lifted will toll.

26 5. By agreeing to this stipulation, Defendants expressly reserve and do not waive any defenses, arguments and motions as to all claims alleged in Apple Backdating Action No. 2.

28 IT IS SO STIPULATED.

3

**STIPULATION AND [PROPOSED] ORDER STAYING ACTION**
**CASE NO.: 08-cv-03123-JF**

| | | |
|---|---|---|
| 1 | Dated: July 17, 2008 | Patrice L. Bishop<br>STULL, STULL & BRODY |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Patrice L. Bishop<br>Patrice L. Bishop<br>10940 Wilshire Boulevard |
| 5 | | Suite 2300<br>Los Angeles, CA  90024 |
| 6 | | Tel:    (310) 209-2468<br>Fax:    (310) 209-2087 |
| 7 | | |
| 8 | | Howard T. Longman<br>STULL, STULL & BRODY |
| 9 | | 6 East 45th Street<br>New York, NY 10017<br>Tel:    (212) 687-7230 |
| 10 | | Fax:    (212) 490-2022 |
| 11 | | Gary S. Graifman<br>KANTROWITZ, GOLDHAMER & GRAIFMAN |
| 12 | | 747 Chestnut Ridge Road<br>Chestnut Ridge, New York 10977 |
| 13 | | Tel:    (845) 356-2570<br>Fax:    (845) 356-4335 |
| 14 | | |
| 15 | | Attorneys for Plaintiffs |

16  I, Patrice L. Bishop, am the ECF User whose ID and password are being used to file this

17 Stipulation and [Proposed] Order Staying Action.  In compliance with General Order 45, X.B., I

18 hereby attest that the signatory below has concurred in this filing.

4

**STIPULATION AND [PROPOSED] ORDER STAYING ACTION**
**CASE NO.: 08-cv-03123-JF**

| | | |
|---|---|---|
| 1 | Dated: July 17, 2008 | George A. Riley |
| 2 | | Luann L. Simmons |
| | | Robert D. Tronnes |
| 3 | | O'MELVENY & MYERS LLP |

Dated: July 17, 2008

George A. Riley
Luann L. Simmons
Robert D. Tronnes
O'MELVENY & MYERS LLP

By: /s/ Robert D. Tronnes
Robert D. Tronnes
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111
Tel:   (415) 984-8700
Fax:   (415) 984-8701

Attorneys for Defendant Apple Inc.

Dated: July 17, 2008

Douglas R. Young
C. Brandon Wisoff
Grace K. Won
Stephanie Skaff
Sebastian A. Jerez
FARELLA, BRAUN + MARTEL LLP

By: /s/ Douglas R. Young
Douglas R. Young
235 Montgomery Street
17th Floor
San Francisco, CA 94104
Tel:   (415) 954-4400
Fax:   (415) 954-4480

Attorneys for Defendants Steven Jobs, William V. Campbell, Millard S. Drexler, Arthur D. Levinson, and Jerome P. York

Dated: July 17, 2008

Jerome C. Roth
Yohance C. Edwards
Genevieve A. Cox
MUNGER, TOLLES & OLSON LLP

By: /s/ Yohance C. Edwards
Yohance C. Edwards
560 Mission Street
27th Floor
San Francisco, CA 94105
Tel:   (415) 512-4000
Fax:   (415) 512-4077

Attorneys for Defendant Fred D. Anderson

5

**STIPULATION AND [PROPOSED] ORDER STAYING ACTION**
**CASE NO.: 08-cv-03123-JF**

| | | |
|---|---|---|
| 1 | Dated:  July 17, 2008 | Sarah A. Good |
| 2 | | Jin H. Kim |
| | | Jason M. Habermeyer |
| | | HOWARD RICE NEMEROVSKI CANADY |
| 3 | | FALK & RABKIN |

By: /s/ Jin H. Kim
    Jin H. Kim
    Three Embarcadero Center
    Seventh Floor
    San Francisco, CA 94111
    Tel:   (415) 434-1600
    Fax:  (415) 217-5910

Attorneys for Defendant Nancy R. Heinen

6

**STIPULATION AND [PROPOSED] ORDER STAYING ACTION**
**CASE NO.: 08-cv-03123-JF**

...

# [~~PROPOSED~~] ORDER

Pursuant to the stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. This action shall be stayed pending the resolution of NYCERS's Appeal ("NYCERS's Appeal") of the Dismissal Order, the Denial Order and subsequent Judgment evidenced by the Notice of Appeal filed on June 17, 2008;

2. "Resolution" means the date upon which NYCERS's Appeal is finally resolved meaning either the Judgment has become final and is no longer subject to appeal, or the case has been remanded to this Court and the remand order has become final and is no longer subject to appeal;

3. As part of this stay, all of Plaintiffs' remaining obligations under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, will also be stayed pending the Resolution of NYCERS's Appeal;

4. All applicable time periods and deadlines from date of the entry of this Order to the time when the stay is lifted will toll.

Dated: _____7/22/08_____     _____
Honorable Jeremy Fogel
United States District Court Judge

Case 5:08-cv-03123-JF     Document 7     Filed 07/22/2008     Page 8 of 8